**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL E. COOL, | CASE NO. 5:13-cv-1139 |
| Petitioner, | JUDGE ADAMS |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| MICHELE MILLER, | **REPORT & RECOMMENDATION** |
| Respondent. | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Michael E. Cool ("Petitioner" or "Cool") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in Summit County case numbers CR1996-07-1775 and CR2004-03-0899. (Doc. No. 16-1 at Exs. 1 and 2.) For the reasons set forth below, it is recommended that the § 2254 petition be dismissed.

**I. Relevant State Procedural History**

**A.    Case Number CR1996-07-1775 - Initial Sentencing**

In September 1996, in case number CR1996-07-1775 ("the 1996 case"), Cool pleaded guilty to multiple counts of third and second degree robbery, and the state trial court sentenced Cool to concurrent definite terms of imprisonment totaling 14 years. (Doc. No. 16-1 at Ex. 7.)[1]  In November 2003, the state trial court granted Cool's motion

---

[1] The record reflects that, in November 2009, the state trial court re-sentenced Cool in CR1996-07-1775 in order to properly notify Cool of th terms of post-release control, pursuant to Ohio Rev. Code 2929.19. (Doc. No. 16-1 at Ex. 1.) The trial court did not alter the other portions of Cool's sentence in that case.

for judicial release, suspended Cool's sentence, and imposed a three-year term of community control. (*Id.* at Doc. No. 25.)

**B.    Case Number CR2004-03-0899**

In May 2004, while under community control supervision in the 1996 case, Cool pleaded guilty to aggravated robbery, escape, assault on peace officer, robbery, felonious assault on a peace officer, and failure to comply with the order or signal of a police officer, in case number CR2004-03-0899 ("the 2004 case"). (Doc. No. 16-1 at Ex. 30.) The trial court imposed concurrent and consecutive definite sentences totaling 15 years.[2] (*Id.*)

**C.    Case Number CR1996-07-1775 - Revocation of Community Control**

Also in May 2004, the state trial court found that Cool had violated the terms of his community control in the 1996 case, and re-imposed the original sentence from that case. (Doc. No. 16-1 at Ex. 26.) The trial court ordered that the sentence imposed in the 1996 case be served concurrently with the sentence imposed in the 2004 case. (*Id.*)

In June 2004, the state trial court determined that Cool was entitled to 82 days of credit for time served in the Summit County Jail toward the aggregate sentences imposed in the 1996 case and the 2004 case. (Doc. No. 16-1 at Ex. 27.)

**D.    Motions For Recalculation Of Petitioner's Credit For Time Served**

In March 2009, Cool filed in the state trial court, in both cases, a motion to adjust his sentence to "reflect an aggregate total of all credit for time served." (Doc. No. 16-1

---

[2] The record reflects that, in November 2009, the state trial court re-sentenced Cool in CR2004-03-0899 in order to properly notify Cool of th terms of post-release control, pursuant to Ohio Rev. Code 2929.19. (Doc. No. 16-1 at Ex. 2.) The trial court did not alter the other portions of Cool's sentence in that case.

2

at Ex. 31.)  In the motion, Cool argued that, because the state trial court had ordered that the sentence in the 1996 case be served concurrently with the sentence in the 2004 case, and because he had served over seven years in prison in the 1996 case prior to obtaining judicial release, he was entitled to have that amount of time credited toward his sentence not only in the 1996 case, but also toward his 15-year sentence in the 2004 case.  (*Id*.)

In July 2009, the state trial court issued an order instructing the Adult Probation Department to re-calculate Cool's "jail-time credit to include aggregate credit for all time served in the Summit County jail and prison."  (Doc. No. 16 at Ex. 34.)  In September 2009, however, the state trial court issued an order denying Cool's motion, finding that it had "no jurisdiction to grant credit for time served in any state correctional institution." (*Id*. at Ex. 36.)  Cool filed a notice of appeal from the order.  (*Id*. at Ex. 38.)  In January 2010, the state appellate court dismissed the appeal as moot.  (*Id*. at Ex. 40.)

Later in September 2009, while his appeal from the state trial court's September 2009 order was pending, Cool filed a motion requesting that the trial court issue an order directing the Bureau of Sentence Computation to credit the seven years he spent in prison in his 1996 case to the sentences in both his 1996 and 2004 cases. (Doc. No. 37.)  In December 2009, after further briefing by the State and by Cool's then-assigned counsel (doc. nos. 38-45), the trial court issued an order declining to credit any portion of the time Cool spent in prison in his 1996 case to the sentence imposed in his 2004 case.  (Doc. No. 46.)  Cool filed a notice of appeal from the trial court's December 2009 order.  (Doc. No. 48.)  In March 2011, the state appellate court issued a decision finding, *inter alias*, that Cool's claim regarding the computation of his jail-time credit was

3

barred by *res judicata*.  (*Id*. at Ex. 55.)  Cool filed a motion for reconsideration, which the appellate court denied in May 2011 (*Id*. at Exs. 56, 57.)  Cool filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court, which declined jurisdiction and dismissed the appeal in June 2011.  (*Id*. at Ex. 58, 59, 60, 61.)

**E.     State Petition For Habeas Corpus**

In April 2012, Cool filed in the state appellate court a motion for a writ of habeas corpus, in which he reiterated his argument that he was entitled to credit toward the sentence imposed in the 2004 case for the amount of time that he had spent in prison in the 1996 case.  (Doc. No. 16-1 at Ex.  62.)  In July 2012, the state appellate court dismissed the state habeas petition for failure to state a claim. (*Id*. at Ex. 64.)  Thereafter, Cool filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court.  (*Id*. at Exs. 68, 69.)  In January 2013, the Ohio Supreme Court affirmed the judgment of the appellate court, finding that Cool had "an adequate remedy by appeal to raise his claim that the trial court erred in denying his motion for jail-time credit," and that "[*r*]es judicata bars Cool from using habeas corpus to obtain a successive appellate review of the same claim."  *State v. Turner*, 985 N.E.2d 462, 135 Ohio St.3d 185 (Ohio 2013).

## II.  Proceedings In This Court

In May 2013, Cool filed his § 2254 petition in this Court.  (Doc. No. 1.)  In it he purports to assert five grounds for relief, which are set forth in the Appendix that accompanies this Report and Recommendation, but which generally reiterate his contention that he is entitled to credit toward the sentence imposed in the 2004 case in

4

the amount of the time that he served in prison in the 1996 case prior to obtaining judicial release. (*Id.*)

### IV. Cognizability

Cool's argument arises out of Ohio Administrative Code § 5120-2-04, which addresses the application of credit for time served, and requires the relevant state agency to apply credit for time served to all terms that are to be served concurrently:

> If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.

Ohio Admin Code 5120-2-04(F).[3]

Petitioner's argument is straightforward: Because the sentence imposed in the 2004 case runs concurrently with the sentence imposed in the 1996 case, the relevant administrative code provision requires the State to count the seven-plus years he served in the 1996 case toward the sentence imposed in the 2004 case. Essentially, he contends that the state courts have misapplied Ohio law by failing to calculate properly the amount of time he must serve in prison. This argument, however, raises a question of state law – whether the Ohio Administrative Code requires the State to include the seven-year period of time in calculating Petitioner's credit for time served in the 2004 case – that is not cognizable on habeas. *See Estelle v. McGuire*, 502 U.s.

---

[3] In contrast, where an offender is sentenced to consecutive terms of imprisonment, subsection (G) requires the state agency to aggregate those terms and then apply the credit for time served to the entire aggregated sentence, instead of to each term of imprisonment. Ohio Admin. Code 5120-2-04(G).

5

62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").[4] Indeed, the Sixth Circuit has recognized that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of Kipen's prison term involves a matter of state law that is not cognizable under [§ 2254]."). Although Petitioner contends that the State has continued to incarcerate him after the expiration of his terms of imprisonment, he bases his argument on his own interpretation of Ohio administrative law governing the crediting of time served, an issue squarely in the province of the State, and one that is not cognizable on habeas review.[5] Accordingly, the petition should be dismissed with prejudice as non-cognizable on habeas review.

### VII. Conclusion

For the reasons given above, it is recommended that the petition be dismissed

---

[4] The State raises numerous defenses to Cool's petition, devoting much of its briefing to issues of exhaustion, procedural default, and the timeliness of Cool's petition. (Doc. No. 16.) The State, however, also contends that, "to the extent Cool's claims rely on state law, his claims are not cognizable in this federal habeas action." (*Id*. at 37.)

[5] In his reply in support of his petition, Cool asserts that the state courts violated his right to due process when they relied on *res judicata* to deny his state court habeas petition. (Doc. No. 17 at 17-23.) Although this ground for relief was not raised in his habeas petition, this claim, too, presents an issue of state law and is not cognizable on habeas review.

with prejudice as not cognizable on habeas review.


June 30, 2014                                        /s/ Nancy A. Vecchiarelli
                                                    United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.

## Appendix

Petitioner raised the following grounds for relief in his § 2254 petition (emphasis, grammar and punctuation as in original):

> I. The practice of awarding jail time credit, although now covered by statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Ohio Admin. Code 5120-2-04(G) provides a different rule from that in Ohio Admin. Code 5120-2-04(F) for calculating jail-time credit for offenders serving consecutive terms. In such cases, the Code instructs that jail-time credit be applied only once, to the total term. These two directive make clear that although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of **equal protection** by reducing the total time that offenders spend in prison after sentencing by an amount to the time that they were previously held. Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be to deny credit for the time that an offender was confined while being held on pending charges.
>
> II. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.
>
> III. Applying jail-time credit toward all concurrent prison terms imposed for charges on which an offender was held does not have the effect of multiplying his single period of pretrial confinement by the number of convictions entered against him. Instead, applying the credit toward all concurrent terms simply ensures

        that the offender actually receives credit for that single period of confinement.

IV.    When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offense has been held. To deny such credit would constitute a violation of the equal protection clause. Therefore, when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term,

V.    State procedural bars such as res judicata cannot be grounds to dismiss a claim for which Habeas Corpus Relief can be granted where a criminal defendant has served to completion the entire sentence fulfilling the courts judgment entry that serves to incarcerate the offender.

(Doc. No. 1.)