UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. COOL, | ) | Case No. 5:13 CV 1139 |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| MICHELLE MILLER, Warden, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This matter comes before the Court on Petitioner Michael E. Miller's objections to the Magistrate Judge's Report and Recommendation. (Doc. #23.) For the following reasons, the Court finds that Petitioner's objections are without merit. (Doc. #22.)

## I.  FACTUAL AND PROCEDURAL HISTORY

The Report adequately states the factual background and procedural history of this matter. Petitioner has demonstrated no error in that background and history. For these reasons this Court will not restate the relevant portions of the Report here and will instead accept the factual and procedural history reflected in the Report as written.

## II.  STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in

(1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct

2

governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v. Taylor*, 529 U.S. 405–407, omitted. Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1). This Court's review is predicated, however, on a proper objection. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich.2004).

### III. LAW AND ANALYSIS

Petitioner objects to the Magistrate's conclusion that his claims arise from his interpretation of Ohio state law sentencing requirements under Ohio Administrative Code § 5120-2-04, and, as a state law claim, are not cognizable in a *habeas* action under 28 U.S.C. § 2254. Petitioner cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856 (2008), in which the

3

Ohio Supreme Court refers to the Equal Protection Clause as the "roots" of the "practice of awarding jail-time credit" that is "now covered by state statute" and urges this Court to find a basis for 28 U.S.C. § 2254 review, overlooked by the Magistrate, in the Ohio Supreme Court's opinion. *Id.* at 263. Petitioner is mistaken. As the Ohio Supreme Court noted in *Fugate*, and the Magistrate explained in the Report and Recommendation, sentencing in Ohio State courts is governed by State law. Petitioner has not identified the unreasonable application of clearly established Federal law expressed by the Supreme Court of the United States necessary to demonstrate a basis for *habeas* relief under 28 U.S.C. § 2254. *See e.g. Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir.2003): "the actual computation of Kipen's prison term involves a matter of state law that is not cognizable under 28 U.S.C. §2254" (citing *Estelle v. McGuire*, 502 U.S. 62, 68 112 S.Ct. 475 (1991) (in which the U.S. Supreme Court found that evidence incorrectly admitted pursuant to state law did not merit Federal *habeas* review because "federal habeas corpus relief does not lie for errors of state law.")). Petitioner has not identified an error of fact or law in the Magistrate's Report and Recommendation; accordingly this Court will accept the findings or recommendations made by the Magistrate. 28 U.S.C. §636 (b)(1).

### IV. Conclusion

For the reasons set forth herein, this Court finds Petitioner's Objections to be without merit. Petitioner's Objections are therefore OVERRULED. This Court has reviewed the Report and Recommendation and, having found it legally and factually accurate, hereby ADOPTS the Report and Recommendation in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED.

This Court certifies, pursuant to 28 U.S.C. § 1915 (A)(3), that an appeal of this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

                                                    s/John R. Adams
                                         **U.S. DISTRICT COURT JUDGE**
                                         **NORTHERN DISTRICT OF OHIO**

Dated: May 6, 2016